IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

RUDOLPH ZURITA,

    Plaintiff,

    v.

CITY OF CHICAGO, COOK COUNTY
SHERIFF MICHAEL SHEAHAN, in his
official capacity, unknown CHICAGO
POLICE OFFICERS and unknown COOK
COUNTY SHERIFF'S POLICE OFFICERS,
all officers sued in their
individual capacities,

    Defendants.

**DOCKETED**

MAY 2 8 2002

)
)
)
)
)
)
)
)
)
)
)
)
)
)

02C 3771

JUDGE JOAN H. LEFKOW

MAGISTRATE JUDGE KEYS

JURY TRIAL DEMANDED

## COMPLAINT

    NOW COMES Plaintiff, RUDOLPH ZURITA, by his attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF CHICAGO, COOK COUNTY SHERIFF MICHAEL SHEAHAN, in his official capacity, unknown CHICAGO POLICE OFFICERS, and unknown COOK COUNTY SHERIFF'S POLICE OFFICERS (collectively, "Defendant Officers", all sued in their individual capacities), states as follows:

### Introduction

    1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

    2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

    3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial

district, and the events giving rise to the claims asserted herein all occurred within district.

Background

4. Plaintiff, Rudolph Zurita, is a 46 year-old resident of Chicago, Illinois.

5. On October 11, 2000, Mr. Zurita, who was then employed as a security guard with Goldblatt's department store, was walking with a friend on Chicago's South Side when they were stopped by two Chicago Police Officers for trespassing.

6. After being questioned for a short period of time, Mr. Zurita and his friend were detained and transported to a Chicago Police Department substation, and then to the 10th District Police Station (hereafter, the "Station").

7. While at the Station, Mr. Zurita and his friend provided identifying information, including their full names, addresses and social security numbers. Mr. Zurita and his friend were also fingerprinted and photographed.

8. After being detained for approximately seven hours, Mr. Zurita and his friend were charged with Criminal Trespass. Mr. Zurita's friend was then released.

9. Shortly thereafter Mr. Zurita was transferred to a holding cell in the Station, where he was informed by an unknown Chicago Police Officer that the Chicago Police believed the name he had given when detained (i.e., his real name, Rudolph Zurita) was an "alias" and that his name was supposedly "Sergio Landeros".

2

10. Mr. Zurita was further informed that Sergio Landeros was the subject of an outstanding arrest stemming from a 1999 Domestic Battery, and that Mr. Zurita was therefore going to be detained on that basis.

11. Mr. Zurita, who is not Sergio Landeros (nor has he ever been known by or used that name), protested repeatedly that the officers had the wrong man.

12. Shortly thereafter, Mr. Zurita's protests that he was not Sergio Landeros were met by the response: "That's your name now," or words to that effect.

13. After meeting with these officers, Mr. Zurita was taken to the holding cell, where he waited for approximately another hour. Throughout this time Mr. Zurita repeatedly attempted to yell out from his cell that he was not Sergio Landeros. He was ignored by the Unknown Chicago Police officers present.

14. Shortly thereafter, Mr. Zurita was processed by another unknown Chicago Police Officer. Mr. Zurita was questioned regarding, among other things, his height, age, weight and date of birth. Again, Mr. Zurita attempted to explain that he was not Sergio Landeros.

15. That day, Mr. Zurita was brought before a judge regarding the Criminal Trespass charge, which stemmed from the incident the night before. Mr. Zurita attempted to explain to the Assistant Public Defender that he was not Sergio Landeros. The Assistant Public Defender advised him that his best strategy

3

was to plead guilty to the Criminal Trespass charge before he worried about the issue of his misidentification.

16. Thereafter, Mr. Zurita pled guilty to Criminal Trespass and was then transferred to another Courtroom, where the warrant regarding Sergio Landeros' 1999 Domestic Battery was executed.

17. Because he could not make bail on the Sergio Landeros charge, Mr. Zurita was taken to the Cook County Jail at 26th Street and California Avenue, where he was subjected to intake procedures by unknown Cook County Sheriff's Police Officers. Among other unnecessary indignities, Mr. Zurita was strip-searched, photographed, and issued prison clothing. Throughout his intake and subsequent incarceration, Mr. Zurita repeatedly informed numerous other unknown Sheriff's Police Officers that he was not Sergio Landeros.

18. Had any of these officers simply listened to Mr. Zurita and checked the available computerized database, they would have immediately noticed that Rudolph Zurita was 6' 2" tall, weighed 245 pounds and was born in 1955, while Sergio Landeros was listed as being approximately 5' 7" tall, 130 pounds and has a 1966 date of birth.

19. After staying in Cook County Jail for another four days, on or about October 16, 2000 Mr. Zurita appeared before a judge in Domestic Court regarding the Sergio Landeros charges. Again, Mr. Zurita attempted to explain that he was not Sergio Landeros. The Assistant Public Defender assigned to his case

4

ignored his story and then, after speaking with the judge, recommended that Mr. Zurita accept a plea bargain in which he would be given the choice between a sixty day sentence and a "reinstatement" of a domestic abuse counseling program to which Sergio Landeros was previously assigned. Mr. Zurita thereafter agreed to plead guilty and accept the "reinstatement".

20. As a result of Mr. Zurita's unlawful detention, he was terminated from his position as a security guard at Goldblatt's department store.

21. As required by his plea, on November 2, 2000, Mr. Zurita met with Mr. Tom Donners, a Domestic Violence Counselor. At that meeting, Mr. Zurita explained once again that he was not Sergio Landeros. Donners reviewed Sergio Landeros' computerized file and immediately learned that Sergio Landeros was listed as being approximately 5' 7" tall, 130 pounds and was born in 1966. Comparing this information with Mr. Zurita, who is 6' 2" tall, weighs 245 pounds, and was born in 1955, Donners immediately realized that the two individuals were not the same person.

22. On Donners' initiative, the Domestic Court was informed of the misidentification, and on February 27, 2001, Mr. Zurita was cleared of all charges entered against him as Sergio Landeros.

Count I - 42 U.S.C. § 1983:

False Imprisonment

23. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

5

24. As described more fully above, the Defendant Officers detained Plaintiff without probable cause. To wit, Plaintiff was detained despite the fact that he repeatedly informed the Defendant Officers that he was not the person named in the arrest warrant; the information on the face of the warrant clearly indicated this fact.

25. As described more fully above, the Defendant Officers held Plaintiff for a total of approximately six days despite the fact that he was not the individual wanted for the crime for which he was detained and there was no probable cause for doing so.

26. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department and the Cook County Sheriff's Department, for which Cook County Sheriff Michael Sheahan is responsible, in that:

a. As a matter of both policy and practice, the Chicago Police Department and the Cook County Sheriff's Department directly encourage, and are thereby the moving force behind, the very type of constitutional violation at issue here by failing to adequately train, supervise and control their officers such that their failure to do so manifests deliberate indifference. Specifically, these officers do not make reasonable inquiry regarding, and take reasonable steps to verify, the identity of individuals who are detained;

b. As a matter of both policy and practice, the

6

Chicago Police Department and the Cook County Sheriff's Department facilitate the very type of constitutional violation at issue here by failing to adequately punish and discipline prior instances of officers' failure to reasonably inquire into and verify the identity of detainees, thereby leading Chicago Police Officers and Cook County Sheriff's Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department and the Cook County Sheriff's Department violate the constitutional rights of citizens by failing to reasonably inquire into and verify the identity of detainees in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department and the Cook County Sheriff's Department make findings of wrongdoing in a disproportionately small number of cases;

d. Policy-makers with final policy-making authority are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department and the Cook County Sheriff's Department, by which officers fail to report other officer's failure to reasonably inquire into and verify the identity of detainees; and

e. The City of Chicago and the Cook County Sheriff's Department have failed to act to remedy the patterns of

7

constitutional violation described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

27.    As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages, including but not limited to substantial mental stress and anguish.

Count II - 42 U.S.C. § 1983:

False Imprisonment

28.    Each of the foregoing Paragraphs is incorporated as if restated fully herein.

29.    As described more fully above, the Arrest Warrant prepared, promulgated, and executed by the Defendants was invalid.    To wit, it neither truly named the individual to be arrested nor did it describe the individual to be arrested sufficiently enough to identify him.

30.    As described more fully above, the Defendant Officers held Plaintiff for a total of approximately six days despite the fact that the warrant upon which his detention was based was invalid.

31.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department and the Cook County Sheriff's Department, for which Cook County Sheriff Michael Sheahan is responsible, in that:

a.    As a matter of both policy and practice, the Chicago Police Department and the Cook County Sheriff's

Department directly encourage, and are thereby the moving force behind, the very type of constitutional violation at issue here by failing to adequately train, supervise and control their officers such that their failure to do so manifests deliberate indifference. Specifically, in preparing, promulgating, and executing Arrest Warrants, the officers fail to truly name the individual to be arrested or describe the individual to be arrested sufficiently enough to identify him;

b. As a matter of both policy and practice, the Chicago Police Department and the Cook County Sheriff's Department facilitate the very type of constitutional violation at issue here by failing to adequately punish and discipline prior instances of officers' failure to include within Arrest Warrants the true name of the individual to be arrested or a description of the individual to be arrested sufficiently enough to identify him, thereby leading Chicago Police Officers and Cook County Sheriff's Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department and the Cook County Sheriff's Department violate the constitutional rights of citizens by failing to include within Arrest Warrants the true name the individual to be arrested or a description of the individual to be arrested sufficiently enough to identify him, yet the Chicago

9

Police Department and the Cook County Sheriff's Department make findings of wrongdoing in a disproportionately small number of cases;

d. Policy-makers with final policy-making authority are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department and the Cook County Sheriff's Department, by which officers fail to report other officer's failure to include within Arrest Warrants the true name the individual to be arrested or a description of the individual to be arrested sufficiently enough to identify him; and

e. The City of Chicago and the Cook County Sheriff's Department have failed to act to remedy the patterns of constitutional violation described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

32. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages, including but not limited to substantial mental stress and anguish.

WHEREFORE, Plaintiff, RUDOLPH ZURITA, respectfully requests that the Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, COOK COUNTY SHERIFF MICHAEL SHEAHAN, in his official capacity, UNKNOWN CHICAGO POLICE OFFICERS, and UNKNOWN COOK COUNTY SHERIFF'S POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive

10

damages against the UNKNOWN CHICAGO POLICE OFFICERS and UNKNOWN COOK COUNTY SHERIFF'S POLICE OFFICERS in their individual capacities, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, RUDOLPH ZURITA, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Michael Kanovitz
Jon Rosenblatt
LOEVY & LOEVY
434 West Ontario
Suite 400
Chicago, IL 60610
(312) 274-1700

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS



# Civil Cover Sheet
02C 3771

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

Plaintiff(s): RUDOLPH ZURITA **DOCKETED**

MAY 2 8 2002

County of Residence: COOK

Defendant(s):CITY OF CHICAGO, COOK COUNTY SHERIFF MICHAEL SHEAHAN, in his official capacity, unknown CHICAGO POLICE OFFICERS and unknown COOK COUNTY SHERIFF'S POLICE OFFICERS, all officers sued in their individual capacities

County of Residence: COOK

Plaintiff's Atty:

Loevy & Loevy
434 W. Ontario, Ste. 400, Chgo,
IL 60610
312-274-1700

Defendant's Atty:

JUDGE JOAN H. LEFKOW
MAGISTRATE JUDGE KEYS

FILED-FDS
02 MAR 28 AM 11:40
CLERK
U.S. DISTRICT COURT

II. Basis of Jurisdiction:          3. Federal Question (U.S. not a party)

III. Citizenship of Principal
Parties (Diversity Cases Only)
                Plaintiff:- N/A
                Defendant:- N/A

IV. Origin :                1. Original Proceeding

V. Nature of Suit:          440 Other Civil Rights

VI.Cause of Action:         42 U.S.C., section 1983, unlawful detention

VII. Requested in Complaint
        Class Action: No
        Dollar Demand:
        Jury Demand: Yes

VIII. This case IS NOT a refiling of a previously dismissed case.

Signature: _____

Date: ___5/23/2___

NOTE: When the print dialogue box appears, be sure to uncheck the Annotations option.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

Eastern Division

In the Matter of

Rudolph Zurita

v.

City of Chicago, Cook County Sheriff Michael Sheahan, et. al

DOCKETED
MAY 2 8 2002

Case Number 02C 3771



Double click on question mark for appearance form instructions

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Rudolph Zurita, Plaintiff

JUDGE JOAN H. LEFKOW

MAGISTRATE JUDGE KEYS

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Jon Loevy | NAME Arthur Loevy |
| FIRM Loevy & Loevy | FIRM same |
| STREET ADDRESS 434 W. Ontario, Ste. 400 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, IL 60610 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (312) 274-1700 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ✔ NO ☐ | MEMBER OF TRIAL BAR? YES ✔ NO ☐ |
| TRIAL ATTORNEY? YES ✔ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ✔ |
| | DESIGNATED AS LOCAL COUNSEL? YES ✔ NO ☐ |
| (C) | (D) |
| SIGNATURE | SIGNATURE |
| NAME Mike Kanovitz | NAME Jon Rosenblatt |
| FIRM same | FIRM same |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ✔ NO ☐ | MEMBER OF TRIAL BAR? YES ✔ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ✔ | TRIAL ATTORNEY? YES ☐ NO ✔ |
| DESIGNATED AS LOCAL COUNSEL? YES ✔ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ✔ NO ☐ |

1-3